985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. SULLIVAN, Plaintiff-Appellant,
v.
Frank ELO; John Jabe; Wayne Jackson; Jerry Hofbauer;
Richard Garrison; Timothy Fowler; J. Angstman,
Defendants-Appellees.
 No. 92-1730.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 James T. Sullivan, a Michigan state prisoner proceeding without assistance of counsel, appeals from the judgment of the district court dismissing his claims filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Sullivan brought suit alleging that his due process rights were violated in conjunction with the drug testing program at the State Prison of Southern Michigan (SPSM). Sullivan argued that defendants subjected him to unconstitutional harassment when they drafted and implemented a drug testing program through which he received several findings of guilt for the major misconduct violation of drug use. Sullivan also argued that he was improperly denied "yard time" while he was serving five days toplock (cell restriction) as punishment for one of his misconduct violations.
 
 
 3
 The case was submitted to a magistrate judge who recommended that defendants' motion for summary judgment be granted. Sullivan filed timely objections. The district court concluded that Sullivan's objections were meritless with the exception of the allegation that defendants' conspired to cause him injury by fabricating tests and forging others' names to misconduct reports. Therefore, the only claims surviving defendants' motion for summary judgment were Sullivan's claims that his right to due process was violated in conjunction with the urine samples taken in December, 1988, January, 1989, and February, 1989. And, if a due process violation occurred, whether Sullivan was damages as a result of the violation.
 
 
 4
 The parties stipulated to trial before the magistrate judge, and on March 23, 1992, a bench trial was conducted. Sullivan was represented by counsel. At the conclusion of the trial, the magistrate judge concluded that defendants did not violate Sullivan's due process rights. Upon review, we find no error.
 
 
 5
 Pursuant to Fed.R.Civ.P. 52(a), findings of fact by a district judge (or in this case a magistrate judge sitting by stipulation of the parties), should not be reversed unless "clearly erroneous." A finding of fact will only be clearly erroneous when, although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemeer City, 470 US 564, 573 (1985). Our review of the entire evidence does not leave this court with a definite and firm conviction that a mistake has been committed.
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed for the reasons set forth in the opinion and order entered on May 14, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.